IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BUD LEE KING,

        Petitioner,

v.

BRIAN GAGE, Warden,

        Respondent.

8:15CV346

MEMORANDUM AND ORDER

    Bud Lee King (King) has filed a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment claiming that the one-year statute of limitations found in 28 U.S.C. § 2244(d) bars King's petition. King does not dispute, and, there is otherwise no doubt, that the statute ran before he filed this action.

    Since King has failed to establish (1) that the limitations period was tolled by a state-created impediment violating the Constitution or federal law as recognized by [28 U.S.C. § 2244(d)(1)(B)](#)[1] or (2) that (a) he was pursuing his rights diligently, and (b) some extraordinary circumstance stood in his way and prevented a timely filing, the motion for summary judgment will be granted and the petition will be denied and dismissed with prejudice. *See*, *e.g.*, *[Finch v. Miller](#)*, 491 F.3d 424, 426-428 (8th Cir. 2007).

## *UNDISPUTED FACTS*

    The undisputed material facts are these:

---

[1]The statute of limitation begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]"

1. In 2011, pursuant to a plea agreement, Bud King pled no contest to two counts of attempted first degree sexual assault regarding a 12–year–old girl. He was sentenced to a term of not less than 20 years' to not more than 20 years' imprisonment for each of the convictions. The convictions were ordered to be served consecutively. *State v. King*, No. A–13–742, 2014 WL 3585502 (Neb. Ct. App. 2014) (denying post-conviction relief where King asserted "numerous postconviction claims, including two allegations of trial court error, four allegations of ineffective assistance of trial counsel, and two allegations of ineffective assistance of appellate counsel.")

2. On direct appeal, the Court of Appeals summarily affirmed his conviction, King sought further review in the Nebraska Supreme Court, that review was denied, the mandate issued on June 27, 2012 (filing no. 12-1 at CM/ECF p. 2.), and the 90 days for seeking review in the Supreme Court expired on September 25, 2012. The time then began to run.

3. King sought postconviction relief on April 3, 2013. (Filing no. 2.) The time between September 25, 2012, and April 3, 2013, is 190 days and that time counts against King. On April 3, 2013, the clock stopped with the filing of the postconviction action.

4. The Nebraska Court of Appeals denied King relief, King sought further review in the Nebraska Supreme Court, that request was denied, and the mandate issued on November 25, 2014 (filing no. 12-1 at CM/ECF p. 5), at which time the clock began to run again.[2]

5. This action was filed on September 21, 2015 (filing no. 1), but the postmark shows that it was received by the post office on September 1, 2015. (Filing

---

[2] *Lawrence v. Florida*, 549 U.S. 327 (2007) (one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment was not tolled during the pendency of petition for certiorari to the United States Supreme Court seeking review of denial of state postconviction relief).

no. 1 at CM/ECF p. 21.) The time between November 25, 2014 (the date of the issuance of mandate denying postconviction relief) and September 1, 2015 (the date the petition was dated and submitted to the post office[3]) is 280 days.

6. The total elapsed time that counted against King is 470 days (190 plus 280).

7. The claims asserted in the state postconviction action, as summarized by the Nebraska Court of Appeals, and the claims, as summarized in this case, are very similar. (Filing no. 9 (initial review by the court).)

### *ANALYSIS*

Summarized and condensed, King argues that he ought not be bounced (1) because he was in segregation a good bit of the time which meant he could not freely access the law library; (2) because he was only able to go to the law library once a week for one hour and some weeks he was not able to go to the library at all; (3) because he was shackled when he went to the law library and only had one hand free; (4) because he had to remain in his chair and at his table when he went to the law library; (5) because he had "virtually no assistance from prison legal aides"; and (6) because there was a prison riot that caused a "lockdown" that made the law library unavailable,[4] Nebraska created an unconstitutional impediment to filing this action in a timely manner. I reject this argument.

Concerning King's assertions categorized above as 1 through 5, "prison law libraries and legal assistance programs are not ends in themselves, but only the means

---

[3]This gives King credit under the "prison mail box" rule. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[4]It is not entirely clear, but King seems to suggest that the "lockdown" as it pertained to him lasted between May 10, 2015 and June 5, 2015. (Filing no. 15 at CM/ECF p. 2.)

for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Lewis v. Casey*, 518 U.S. 343, 351, (1996), quoting Bounds v. Smith, 430 U.S. 817, 825 (1977). "Moreover, an inmate who alleges an access violation is required to show actual injury." Cody v. Weber, 256 F.3d 764, 768 (8th Cir.2000). Because there is not "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

In short, King argues inadequacy but fails to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. Stated more simply, he has failed to show causation. This conclusion is bolstered by the fact that King was able to file a state postconviction action which is very similar to the petition he filed in this case.

As for the "lockdown" assertion, King does not suggest that he could not mail his petition, only that he did not have access to the law library for less than a month. More importantly, a prison riot, at least in the circumstances presented here, cannot be said to be an impediment *created by Nebraska in violation of the Constitution or federal law*. Still further, even if the time period during the "lockdown" was not counted against King, his action would have been months late in any event despite this asserted "impediment."

In short, there is no reason to believe that the "lockdown" truly impaired King's ability to discover and understand the factual and legal nature of his claims and assert them in a timely fashion. *See, e.g.*, *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1155 (N.D. Iowa 2000) (concluding that a "lockdown" that spanned "several months" was not sufficient to stop the clock from running since there was no indication that it actually impaired the petitioner's ability to gather the facts and present the claim). *See also Lewis*, 518 U.S. at 361-362 (so long as delays in receiving legal materials or legal assistance to lockdown prisoners, who were most dangerous and violent prisoners in Arizona prison system, were product of prison regulations reasonably related to

legitimate penological interests, delays of up to 16 days did not violate constitutional right of access to the courts, even if they resulted in actual injury).

Turning next to a related subject, King does not claim he is entitled to equitable tolling. Nevertheless, I have examined this case as if he had. King has not come close to showing he acted diligently and that something truly extraordinary stood in his way and prevented a timely filing. Therefore, equitable tolling does not save his bacon.

### *CERTIFICATE OF APPEALABILITY*

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for granting certificates of appealability (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds, are set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and I have determined that King is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed with prejudice and I will not issue a certificate of appealability. I will enter judgment by a separate document.

DATED this 30th day of March, 2016.

                                  BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  Senior United States District Judge